UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDACE SELLERS,

      Plaintiff,                                            Case No.:

v.


HCA HEALTH SERVICES OF FLORIDA, INC.,
dba OAK HILL HOSPITAL,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Candace Sellers ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, HCA Health Services of Florida, Inc., dba Oak Hill Hospital ("Defendant"), and alleges:

1.      This is an action brought age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C §§621-634 *et seq.,* ("ADEA"), as amended by the Civil Rights Act of 1991. The Court has jurisdiction over the subject matter and parties to this action.

2.      This Court has jurisdiction over the Defendant in connection with the claims asserted in this Complaint in that the Defendant was and is engaged in business activity in Hernando County, Florida.

3.      Venue of the claims alleged in this Complaint is proper before this Court as Defendant conducts business in Hernando County, Florida and the acts and occurrences relevant to the claims brought in the Complaint occurred in Hernando County, Florida.

4. Plaintiff, Candace Sellers, was born on May 4, 1951, and is thus over forty (40) years of age.

5. Defendant is a corporation authorized to conduct and is conducting business in the State of Florida under the name "Oak Hill Hospital."

6. Defendant was at all material to this Complaint an "Employer" of Plaintiff as defined by the ADEA, and had more than 20 employees during the requisite time period.

### General Allegations

7. Plaintiff was employed by Oak Hill Hospital for over 8 years until December 29, 2019.

8. Plaintiff held various director positions with Oak Hill Hospital, including Director Ortho/Surgical and Director PCU/Neuro-tele. Plaintiff had over 14 years' experience as a Director in health care.

9. In 2019, a new CNO, Dr. Elizabeth Adams sought to make changes to the Nursing Department.

10. In connection with the changes made by Adams to the Nursing Department, she also made age-related statements to and about Plaintiff and other workers over 40. For example, Adams asked Plaintiff, before discussing anything else about her background or experience, "if she would be retiring?" Plaintiff said she would not be retiring and thought that would be the end of the matter.

11. On other occasions, Adams asked Plaintiff "**WHEN** will you be retiring?" Plaintiff told Adams that she did not plan to retire.

12. Dr. Adams made stereotypical age and health related statements to Plaintiff such as "you appear confused."

2

13.    Adams asked Plaintiff questions about her health.  For example, Adams asked whimsically "what medications are you on?"

14.    Dr. Adams told Plaintiff on several occasions that she "wished" or "hoped" that Plaintiff would retire.  Plaintiff applied for several of the open positions in the reorganized Nursing Department.  Adams told Plaintiff that rather than be considered for a position "it would be best for you to retire."

15.    Plaintiff was excluded from serious consideration for the positions in the organizational chart for the Nursing Department.

16.    Plaintiff applied for a number of "new" positions for which she was qualified. Substantially younger applicants, who were lesser qualified, were hired for these new positions. Other positions remained open which were later filled by substantially younger, lesser qualified persons.

17.    Plaintiff was terminated by Dr. Adams effective December 31, 2019.

18.    On February 25, 2020, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR").  All jurisdictional prerequisites to this action have been met and this action has been timely filed under the ADEA.

## COUNT I – AGE DISCRIMINATION

19.    Plaintiff realleges and incorporates herein paragraphs 1 through 18 of the Complaint.

20.    This is an action for discrimination because of age brought pursuant to the ADEA.

21.    Plaintiff was over forty (40) years of age and thus a protected individual identified under the ADEA.

3

22.     Plaintiff was subjected to disparate treatment and ultimately terminated because of her age. Plaintiff has offered direct evidence of discriminatory intent. Defendant's management made direct references to the age and health of Plaintiff, and of other employees.

23.     When Adams created a new Nursing Department, Plaintiff was replaced and/or her duties were assumed by substantially younger person(s) of lesser qualifications.  Several positions remained open in the Nursing Department for which Plaintiff was qualified, but she was not considered by Adams because of her age.

24.     After Plaintiff was terminated, Defendant hired individuals who were substantially younger than Plaintiff into open positions for which Plaintiff was more qualified.

25.     If the direct evidence is accepted by the jury, the Defendant will have the burden of proving that a legitimate non-discriminatory reason motivated the decisions made regarding Plaintiff.  Alternatively, Plaintiff will prove that the reasons offered by Defendant to support the adverse decision, such as failure to hire, consider and to terminate were pretextual.

26.     As a direct result of Defendant's unlawful employment practices and intentional discriminatory treatment of Plaintiff, she has been deprived of equal employment opportunity and has suffered damages, including, but not limited to, economic losses in the past and future, and emotional harms and losses.

WHEREFORE, Plaintiff, Candace Sellers, demands judgment for damages against the Defendant, for including but not limited to lost wages, benefits and other compensation in the past and future, together with prejudgment interest on the outstanding obligation, front pay or reinstatement, together with compensatory and punitive damages, attorneys fees and costs and such other relief as may be appropriate under the ADEA.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Ronald W. Fraley
The Fraley Firm, P.A.
Florida Bar No.: 0747025
412 East Madison Street, Suite 1213
Tampa, FL  33602
Primary:  rfraley@fraleylawfirm.com
Secondary: phuret@fraleylawfirm.com
Telephone: 813-229-8300
Attorney for Plaintiff